### APPEAL CONSTRUED AS ENTERING AN APPEARANCE.

Circuit Court of Cuyahoga County.

STRONG, COBB & COMPANY v. MAIER JAFFA.*

Decided, May 15, 1911.

*Suit Against Partnership in Firm Name—Appeal—Change of Style on Appeal—Judgment Valid.*

A partnership being sued in its firm name before a justice of the peace and judgment there being rendered against it, appealed the case to the common pleas court, where the case was properly docketed as against the partnership, but the plaintiff filed a petition therein entitling the case as one against certain individuals doing business under said firm name, but no service was had thereon. Afterwards default judgment was rendered against the partnership in its firm name. Upon motion to set aside said judgment for want of service on the individuals and because they did not compose the firm, *Held:* The appeal by the firm entered its appearance in the common pleas court and the judgment against it is valid.

*Affirmed without opinion, Strong, Cobb & Co. v. Jaffa, 87 Ohio State, 504.

*T. H. Bushnell,* for plaintiff in error.
*W. T. Clark,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Maier Jaffa sued Strong, Cobb & Company, by its firm name, in a justice court, and recovered judgment. The firm appealed the case to the common pleas court, and in due time Jaffa filed a petition therein, entitling it: "Maier Jaffa, plaintiff, v. S. M. Strong, L. A. Cobb, R. L. Cobb and E. L. Strong, partners doing business under the firm name and style of Strong, Cobb & Company, defendants." The case, however, was properly docketed in said court, as it had been entitled in the justice court.

No effort was ever made to procure service upon the individuals named as partners, nor did they or the firm file any answer to said petition. In due course of time, default judgment was rendered against the firm, and the firm has filed petition in error in this court to reverse said judgment, assigning as error that the individuals named in the petition as members of the firm were never served, nor did they compose the firm of Strong, Cobb & Company.

We do not see what difference this makes to the validity of the judgment against the firm. It had been sued by its firm name before the justice of the peace, and in that name appealed its case to the common pleas court. By the appeal, it duly entered its appearance in said court, and of the petition filed therein it was bound to take notice without further service.

The caption of the petition contained some surplus words, but it stated a cause of action against the firm, and judgment was rendered against it. Why the firm should now complain, we fail to see. Of course the members of the partnership are not parties to the judgment; they can be made such only by action, as provided in Section 11651, General Code.

Judgment affirmed.